**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

STEVEN GRIGGS,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )          No. 1:25-cv-00048-PLC
                                        )
BRITTON FERRELL, et al.,                )
                                        )
                    Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court for review of an amended complaint and application to proceed in forma pauperis filed by Steven Griggs.  The Court has reviewed the application, and finds Plaintiff is unable to afford the civil filing fee.  The Court will therefore grant Plaintiff leave to proceed in forma pauperis.  The Court has also conducted the required review of the amended complaint, and will partially dismiss it and direct the clerk to effect service of process on the non-frivolous portions.  The Court will also deny Plaintiff's motion to appoint counsel, without prejudice.

### Legal Standard on Initial Review

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if the allegation of poverty is untrue, or if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2). To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere  conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Amended Complaint

The amended complaint names three defendants: Britton Ferrell, the Sheriff of Mississippi County, Missouri; Mike Borders, a Mississippi County Deputy; and Shaina Rogers, the Medical Director of the Mississippi County Jail. Plaintiff does not specify the capacity in which he sues

2

any defendant.   Plaintiff invokes this Court's federal question jurisdiction, and lists the issues involved in this case as "8th and 14th amendments, failure to intervene, deliberate indifference and the Mo Sunshine Laws."  Doc. [8] at p. 4.[1]  He alleges that the defendants violated his civil rights while he was in custody in the Mississippi County Jail.  The Court liberally construes the amended complaint to assert claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges as follows.

Plaintiff was arrested on December 2, 2024 and detained in the Mississippi County Jail. Around that same time, Plaintiff's private doctor "was trying to diagnose a serious medical condition" Plaintiff was experiencing.  *Id.* at 6.  Plaintiff "made the jail aware of my medical problem the day they arrested me but the staff just blew me off."  *Id.*  Plaintiff saw "the jail Dr. on the 3rd of Dec 2024 for all of about 2 minutes only to be blown off again by him."  *Id.* The doctor told Plaintiff he would obtain his medical records, but Plaintiff "never heard another word from him."  *Id.*

Plaintiff asked Rogers "every day if they had gotten ahold of my Dr or my records, only to be put off day after day until I had my fill with their lies telling me they haven't heard a word from my Dr. and I know that to be true because I never signed a records release form and I told Shaina that."  *Id.*  Rogers told Plaintiff that if he did not like "their treatment or process" he should not come to jail, and that she had other inmates to worry about.  Plaintiff states he thought that was "very unproffesional," so he began filing grievances.  *Id.*

Plaintiff's grievances were "ignored and unanswered" until December 23, when Ferrell, through a trustee, told Plaintiff to stop filing grievances or he would "lock the pod down."  *Id.* at 7.  Plaintiff filed another grievance to complain that Ferrell shared his personal business with

---

[1] The Court cites to page numbers as assigned by CM/ECF.
The Court quotes the amended complaint verbatim without noting or correcting errors in the original.

another inmate.  Ferrell and Borders then came to the pod and, using profanity, told Plaintiff they

would lock down the pod if Plaintiff filed another grievance.  Plaintiff writes:

> [Ferrell] then told the other inmates in the pod if you all want to have contact with
> your families over the holidays I suggest yall get this mother fucker under control
> cuz if yall let him file one more bullshit ass grievance Im takin away everything
> phone, commissary, tv evrything. So you better hear what Im saying. I then walked
> up to where he was standing by the door and he got nose to nose with me and told
> me if I had a problem with that he could turn the cameras off and he could take care
> of it for me. When he said that a shiver run down my spine because that's the way
> the previous sheriff took care of a problem he had with an inmate named Tory
> Sanders, he cut the cameras off and beat him to death. Deputy Borders who was
> deputy at that time just stood there and shook his head as being in agreement with
> him. He never once tried to intervene and stop it. He tried to incite violence against
> me by using the other 13 inmates that were in the pod at the time.

*Id.* at 7.  Plaintiff states he seeks "compensatory and punitive" monetary damages and specifies

that he seeks $1 million "for the pain and suffering and mental anguish that they put me through

by not knowing if he would make good on this threat.  *Id.* at 6, 8.

### Discussion

Plaintiff does not specify the capacity in which he sues the defendants, but he clearly states

that he seeks punitive damages.  As a result, for purposes of initial review, the Court finds that

Plaintiff has sufficiently expressed an intent to sue the defendants in their individual capacities.

*See S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025).  Based on Plaintiff's assertions, it

appears he was a pretrial detainee at the time of the events giving rise to his claims.  The Court

therefore analyzes his claims under the Fourteenth Amendment.

The Court first addresses Plaintiff's claims against Rogers.  Plaintiff can be understood to

claim Rogers deprived him of adequate medical care.  A pretrial detainee's right to adequate

medical care arises under the Fourteenth Amendment's Due Process Clause.  However, courts

apply the Eighth Amendment deliberate indifference standard to these claims. *Barton v.*

*Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018) (citation omitted).

To establish a constitutional violation based on deliberate indifference, Plaintiff must show that he suffered from an objectively serious medical need, and Rogers actually knew of, and deliberately disregarded, that need. *See id.* A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would recognize it. *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) and *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub,* 638 F.3d at 914-15 (quoting *Farmer v. Brennan,* 511 U.S. 825, 835, 839-40 (1994)).

In the amended complaint, Plaintiff alleges that before he was arrested, his doctor "was trying to diagnose a serious medical condition" he was experiencing. Doc. [8] at p. 7. He alleges that when he was detained in the jail, he asked Rogers daily whether "they had gotten ahold of my Dr or my records, only to be put off day after day . . .". Doc. [8] at p. 7. Those allegations do not establish that Plaintiff had a medical need that was diagnosed by a physician as requiring treatment. Also, Plaintiff does not describe the symptoms he was experiencing or otherwise describe his medical condition, so there are no facts permitting the inference that Plaintiff had a medical need that was so obvious even a layperson would recognize it. As a result, the Court finds that Plaintiff has not established the first prong of the deliberate indifference standard. *See Leonard*, 59 F.4th at 360 and *Schaub*, 638 F.3d at 914.

Even if Plaintiff had established the first prong, his deliberate indifference claim would fail. Plaintiff does not allege that he told Rogers he needed medical treatment for any condition or that Rogers was aware he needed treatment, and yet Rogers failed to provide that treatment.

5

Instead, Plaintiff alleges that Rogers was untruthful, uncooperative and unprofessional when he repeatedly asked whether his medical records were being obtained.  Plaintiff does not allege that his medical records contained instructions about the management of any medical condition or prescriptions that Plaintiff needed or allege any facts that would allow the Court to infer that Rogers or anyone else knew he had a serious medical need and yet failed to give him medical treatment.  In sum, there are no allegations from which the Court could infer that Rogers actually knew of, and deliberately disregarded, a serious medical need.  As a result, the amended complaint would not establish the second prong of the deliberate indifference standard.  *See Schaub,* 638 F.3d at 914-15.

Plaintiff also references "the Mo Sunshine Laws."  Doc. [8] at 4.  He does not explain why he included that reference.  Indeed, Missouri law requires various government entities to make public records available for inspection.  *See* Mo. Rev. Stat. § 610.023.  However, Plaintiff does not allege he submitted a request to inspect public records or include any other allegations that the Court could construe as stating a plausible claim under the cited Missouri law.  Finally, to the extent Plaintiff seeks damages from Rogers for lying about whether his medical records were being obtained, telling him to not come to jail if he did not like the conditions, telling him she had other inmates to worry about, or being generally rude or unprofessional, such allegations do not state a claim of constitutional dimension.  *See Hopson v. Fredericksen,* 961 F.2d 1374, 1379 (8th Cir. 1992).  For the foregoing reasons, the Court will dismiss Rogers from this action, without prejudice.

The Court now addresses Plaintiff's individual capacity claims against Ferrell and Borders.  Having liberally construed Plaintiff's allegations, the Court finds that they state plausible Fourteenth Amendment claims against Ferrell and Borders in their individual capacities.  The

Court will therefore require Ferrell and Borders to respond to the amended complaint.  However, the Court finds the amended complaint fails to state a claim upon which relief may be granted against Ferrell and Borders in their official capacities because it contains no non-conclusory allegations of a policy or custom of unconstitutional action.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Plaintiff has also filed a motion to appoint counsel. The motion will be denied without prejudice.  An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. No defendant has been served with process and discovery has not begun, so there is no conflicting testimony. However, the Court recognizes that circumstances may change, so will deny the motion for appointment of counsel without prejudice and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

7

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED.**  Doc. [13]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel  is **DENIED** without prejudice.  Doc. [3].

**IT IS FURTHER ORDERED** that Defendant Shaina Rogers is **DISMISSED** from this action, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendants Britton Ferrell and Mike Borders are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to Defendants Britton Ferrell and Mike Borders in their individual capacities.  Defendants shall be personally served by issuance of summons and service by the U.S. Marshal's Service at the address Plaintiff provided in the amended complaint: 200 W. Commercial Street, Charleston, Missouri, 63834.

A separate order of partial dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE